UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE C. WILSON,<br><br>                Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                Defendant. | Case No. C15-104 RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Anne C. Wilson argues that the Commissioner erroneously denied her applications for Supplemental Security Income and Disability Insurance Benefits because the ALJ harmfully (1) failed at step 2 to consider whether several mental limitations are severe impairments; (2) misevaluated the medical evidence; and (3) misevaluated the "other source" opinion evidence. Dkt. 15, at 1. The Commissioner concedes that the ALJ erred by declining to discuss several mental impairments but argues harmless error. Dkt. 16, at 15–16. The Court finds that the ALJ's error was harmful and recommends **REVERSING** and **REMANDING** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

After a March 2013 hearing, in June 2013 the ALJ applied the five-step disability process

REPORT AND RECOMMENDATION - 1

and found:

**Step 1:** Ms. Wilson had not engaged in substantial gainful activity since March 8, 2011.

**Step 2:** Ms. Wilson had the following severe impairments: **affective disorder** and **personality disorder**.

**Step 3:** These impairments did not meet or equal the requirements of a listed impairment.[1]

**Residual Functional Capacity ("RFC"):** Ms. Wilson had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations. Ms. Wilson has the mental capability to adequately perform the mental activities generally required by competitive, remunerative work as follows: she can understand, remember, and carry out simple instructions required of jobs classified at a level of SVP 1 and 2, or unskilled work. The claimant can make judgments on simple work-related decisions and can respond appropriately to supervision, co-workers and deal with occasional changes in the work environment. She has no difficulty dealing with the public.

**Step 4:** Ms. Wilson could not perform her past work.

**Step 5:** As there are jobs that exist in significant numbers in the national economy that Ms. Wilson can perform, she is not disabled.

Tr. 14–23. Because the Appeals Council denied Ms. Wilson's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–4.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not, however, be reversed on account of an error that is harmless. *Id.* at 1111. The Commissioner concedes that the ALJ legally erred at step 2 because the ALJ failed to review several diagnosed mental impairments. Dkt. 16, at 15–16. But the Commissioner argues that the ALJ's error was harmless. *Id.* Because

---

[1] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

the Court concludes the error was harmful, it recommends reversing and remanding for further administrative proceedings. Ms. Wilson has not, however, demonstrated reversible error based on the ALJ's determinations that her physical impairments were not severe and did not impact RFC.

### 1. Harmful Error at Step 2 and the Evaluation of Mental Impairments

The parties agree that the ALJ should have, but did not, evaluate at step 2 the diagnoses that Ms. Wilson suffers from a **learning disorder**, **attention-deficit disorders**, and **anxiety disorders**. *See* Dkt. 15, at 2–5; Dkt. 16, at 15–16. Nonetheless, the Commissioner argues harmless error because the ALJ considered and rejected all possible issues Ms. Wilson had with concentration, persistence, and pace, and with social functioning at step 3 and in formulating RFC. Dkt. 16, at 15. That argument is unpersuasive because there is no indication the ALJ adequately considered the limitations posed by the unexamined, omitted mental impairments.

The ALJ determined at step 2 that Ms. Wilson had the following severe impairments, all of which are mental: **affective disorder** and **personality disorder**. Tr. 15. The ALJ considered but rejected the following impairments as non-severe, all of which are physical: obesity, diabetes, asthma, and uterine cancer. *Id.* Nowhere did the ALJ consider Ms. Wilson's other diagnosed mental impairments. Treating psychiatrist Dr. Janiese Loeken, MD, diagnosed **attention deficit disorder** ("ADD"). Tr. 334, 338, 341448, 752. Examining psychologist Diane Fligstein, PhD, diagnosed a **learning disability** not otherwise specified ("NOS"). Tr. 398. Examining psychiatrist Dr. Karen Ni, MD, diagnosed **panic disorder** without agoraphobia and **generalized anxiety disorder** ("GAD"). Tr. 442. Examining psychologist Dr. Andrea Shadrach, PsyD, diagnosed **attention deficit hyperactivity disorder** NOS ("ADHD"), **anxiety disorder** NOS, and **learning disorder** NOS. Tr. 558. In her applications for benefits, Ms. Wilson stated

REPORT AND RECOMMENDATION - 3

that she was disabled, in part, by **ADHD/ADD**, **learning disabilities**, and **PTSD**. Tr. 117, 206. At the administrative hearing, counsel stated that Ms. Wilson had become debilitated by the worsening of preexisting **ADHD**, **anxiety**, and a **learning disorder**. Tr. 32.

The ALJ found that Ms. Wilson had severe mental impairments but legally erred at step 2 by failing to consider **a learning disorder**, **attention-deficit disorders**, and **anxiety disorders**. Because the ALJ nonetheless found other severe impairments and proceeded with the sequential analysis, the proper question to ask is whether Ms. Wilson suffered harm from the ALJ's failure to consider these medically determinable, mental impairments when evaluating the evidence and assessing the remaining steps of the sequential analysis. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

The Court finds that the ALJ harmfully erred by failing to consider a learning disorder, attention-deficit disorders, and anxiety disorders at step 2, and this omission undermined the ALJ's evaluation of the evidence and his reasoning in the remainder of the sequential analysis. *See, e.g., Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (holding that because the ALJ excluded panic disorder from a list of other mental impairments, the RFC determination "was incomplete, flawed, and not supported by substantial evidence in the record"). At step 3, there is nothing for this reviewing court to review because the ALJ never evaluated several medically determinable impairments.[2] Similarly, neither the ALJ's RFC determination nor his evaluation of the medical or other evidence can be meaningfully reviewed because the ALJ declined to address the impact of mental impairments that could conceivably alter the disability determination.

The Commissioner argues that Ms. Wilson was not prejudiced by the ALJ's failure to discuss several, discrete, mental impairments because the ALJ adequately considered Ms.

---

[2] The Court therefore declines the Commissioner's invitation, under the guise of harmless error review, to act as factfinder with respect to the overlooked mental impairments.

REPORT AND RECOMMENDATION - 4

Wilson's limitations on concentration, persistence, and pace, and with social functioning. Tr. 16, at 15. The Court disagrees. A learning disorder, attention-deficit disorders, and anxiety disorders are qualitatively different from an affective disorder and a personality disorder. The ALJ's decision to omit the former conditions and to minimize Ms. Wilson's mental limitations by attributing them solely to the latter conditions treads perilously close to a medical presumption that her difficulties can be explained away by depression (affective disorder) or a maladaptive response (personality disorder). *Compare, e.g.*, 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.04 ("Affective Disorders") *and* § 12.08 ("Personality Disorders") *with* § 12.06 ("Anxiety-related Disorders"). The ALJ did not fulfill his duty to "set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999). That constitutes harmful error requiring a new hearing and a reevaluation of the evidence regarding Ms. Wilson's mental impairments.

### 2. Evaluation of Physical Impairments

Almost all of Ms. Wilson's briefing focuses on the omitted mental impairments and how the ALJ mishandled the medical and other evidence regarding her mental impairments. In a subsidiary argument, however, Ms. Wilson argues that the ALJ harmfully erred at step 2 and in determining RFC by declining to adopt the opinion of Monica Negrila, LMHC, that Ms. Wilson's obesity and diabetes result in physical limitations that negatively impact her capacity to work. Dkt. 15, at 15, 17. The Court disagrees.

On behalf of IKRON Corporation, Ms. Negrila wrote a one-page summary of Ms. Wilson's participation in a Community Based Assessment ("CBA"). Tr. 991. Ms. Negrila stated, among other things, that Ms. Wilson "was impacted by her physical health (Obesity and Diabetes)" due to barriers involving her "fine and gross motor skills" and "work speed and

stamina/endurance." *Id.* The ALJ gave little weight to Ms. Negrila's opinion because, among other things, the record did not contain the findings and results from IKRON's CBA; Ms. Negrila did not state the basis for her opinion; the ALJ had determined at step 2 that Ms. Wilson's obesity and diabetes were non-severe and did not result in physical limitations; and Ms. Negrila's opinion was inconsistent with Ms. Wilson's ability to work after the alleged onset date, including the successful completion of two temporary positions with the King County Elections Board. Tr. 21. At step 2, the ALJ found that Ms. Wilson's obesity was non-severe because there was no evidence of functional limitations. *Id.* The ALJ noted that Ms. Wilson had not developed any secondary complications due to her weight such as heart disease or musculoskeletal problems, and that her weight had not affected her ability to maintain a full range of daily activities such as performing personal care or household chores. Tr. 15 (citing Tr. 435). The ALJ found that her diabetes was non-severe because it was under good control and she had not developed any complications due to diabetes. Tr. 15 (citing Tr. 406, 417, 481, 805). Moreover, with regard to Ms. Wilson's physical impairments, the ALJ gave great weight to the opinion of examining physician Dr. Ashley Evans, MD, who opined, consistent with detailed examination findings, that Ms. Wilson had no physical limitations. Tr. 15 (citing Tr. 434–38).

Ms. Wilson has not demonstrated that the ALJ legally erred or failed to support with substantial evidence his conclusion at step 2 or in the RFC assessment that Ms. Wilson's physical impairments are non-severe. The ALJ cited relevant medical and other evidence, and reasonably credited Dr. Evans's detailed examination notes over Ms. Negrila's conclusory statements.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be

**REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate the evidence of Ms. Wilson's mental impairments and conduct a new hearing. Ms. Wilson has not, however, demonstrated that the ALJ harmfully erred by concluding that her physical impairments are non-severe.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **September 22, 2015.** If no objections are filed, the Clerk shall note the matter for September 25, 2015, as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 8th day of September, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge